```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                       EASTERN DIVISION

COREY STEWARD,                  )
                                )
        Plaintiff,               )
                                )
    v.                          )        No. 4:07CV340 DJS
                                )
PULASKI BANK, et al.,           )
                                )
        Defendants.              )
```

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Corey Steward for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be

granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 against Pulaski Bank and two unknown bank employees for alleged violations of his constitutional rights. Plaintiff alleges that he entered a branch of Pulaski Bank on January 2, 2004, intending to secure a loan for ten-thousand dollars. Plaintiff further alleges that a bank employee gave him ten-thousand dollars, and when he exited the bank he was arrested for bank robbery.[1] Plaintiff seeks injunctive and monetary relief.

---

[1] The Court notes that on January 2, 2004, the United States brought a criminal complaint against plaintiff for alleged robbery of a Pulaski Bank on that same day. The government moved to dismiss the indictment on April 15, 2005, and the court granted the motion to dismiss on April 20, 2005. United States v. Steward, 4:04CR14 CEJ (E.D. Mo.).

## Discussion

The complaint is frivolous and fails to state a claim upon which relief can be granted. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that any of the named defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. Although the Court must liberally construe plaintiff's factual allegations, it will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded. Therefore, the complaint is legally frivolous.

Even if plaintiff had alleged that defendants were personally responsible for an alleged deprivation of his rights, there is no indication that the named defendants acted under color of law. 42 U.S.C. § 1983. As a result, the complaint fails to state a claim upon which relief can be granted.

Section 1983 provides for a cause of action against "persons." Pulaski Bank is not a person. As a consequence, the complaint fails to state a claim upon which relief can be granted as to Pulaksi Bank.

Generally, fictitious parties may not be named as defendants in a civil action. <u>Phelps v. United States</u>, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. <u>Munz v. Parr</u>, 758 F.2d 1254, 1257 (8th Cir. 1985). Plaintiff's complaint does not make sufficiently sufficient allegations to permit the identity of the John Doe defendants. As a result, the complaint is legally frivolous as to the unknown bank employees.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this __1st__ day of March, 2007.

                                                /s/Donald J. Stohr
                                              UNITED STATES DISTRICT JUDGE